UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE & ASSOCIATES INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No:  4:05-cv-2306 |
| | ) |
| AMDOCS CHAMPAIGN, INC., | ) |
| SOMASEKHARAN SREEKUMAR, ANIL | ) |
| ANTONY, AND PAUL MANI, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO LAWRENCE &
ASSOCIATES INC. MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

    COMES NOW, Defendants Shreekumar Somasekharan, Anil Antony, and Paul Mani, (collectively referred to as "Individual Defendants") and submit the following Memorandum in Opposition to Lawrence & Associates Inc.'s ("LAI") Motion to Dismiss Defendants' Counterclaims.

**INTRODUCTION**

    Before the Court is LAI's Motion to Dismiss Defendants' Counterclaims, which asserts that: (1) this Court lacks jurisdiction over the counterclaims, even though two of the counterclaims allege violations of Federal Fair Labor Standards Act ("FLSA") and the remaining counterclaims share a common nucleus of operative fact with the FLSA claims; (2) because LAI claims that the Individual Defendants were exempt employees under the FLSA, the Individual Defendants' fail to state a claim under the FLSA, and (3) Missouri law governs the Individual Defendants' wage law claims that arise out of their employment in the state of Illinois.  Each of

3315931

these assertions is wholly without merit, and for the reasons discussed below, LAI's Motion to Dismiss should be denied.

## STANDARD FOR MOTION TO DISMISS

The burden on a movement to demonstrate that a court should dismiss an opponent's claim is a heavy one.  In order for this Court to dismiss an Individual Defendants' counterclaim, LAI must demonstrate that on the basis of the well-pleaded allegations of the Counterclaim, "[defendants] can prove no set of facts in support of [their] claim which would entitle [them] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  LAI cannot meet this burden and therefore, its Motion to Dismiss the Individual Defendant's Counterclaims must be denied.

## THIS COURT HAS JURISDICTION OVER THE INDIVIDUAL DEFENDANTS' COUNTERCLAIMS

In its Motion to Dismiss, LAI states that this Court does not have supplemental jurisdiction over the Individual Defendants' counterclaims.  In Count IV of its Complaint, LAI has asserted that the three Individual Defendants breached their non-compete agreements with LAI.  Defendants, in response, have raised several affirmative defenses to that claim, including unclean hands on the part of LAI, and the fact that LAI breached its obligations to the Individual Defendants prior to any alleged breach by the Individual Defendants.  The facts underlying these affirmative defenses are the same as the facts that form the basis for the counterclaims of the Individual Defendants.  Therefore, contrary to the allegations contained in LAI's Memorandum, the counterclaims *will* share the same operative documents, and discovery in the claims *will* cover the same material.  As such, this Court does have supplemental jurisdiction over the Individual Defendants' counterclaims.

Additionally, in its Memorandum in Support of its Motion to Dismiss, LAI inaccurately states that this Court has jurisdiction over the Individual Defendants' counterclaims "only if the

operative facts in those counterclaims share the same operative facts as Lawrence & Associate's claims." Assuming, *arguendo*, that this Court does not have supplemental jurisdiction by virtue of the Individual Defendants' asserted affirmative defenses, this Court still has original jurisdiction over Defendants' claims by virtue of the fact that they have brought the claims under the Federal Fair Labor Standards Act ("FLSA").

Article III, Section 2, Clause 1 of the United States Constitution grants authority to federal courts to hear all cases arising under the Constitution and the laws and treaties of the United States. The Individual Defendants' claims fit squarely within the Court's original jurisdiction. Any inadvertent omission, or failure to assert that this court has both supplemental **and** original jurisdiction does not change the fact this Court has such jurisdiction over the Individual Defendants' claims.[1]

Given that the Constitution grants this Court original jurisdiction over the Individual Defendants' Fair Labor Standards Act claims, this Court has supplemental jurisdiction over the Individual Defendants' companion state law and common law claims. As stated by LAI in its Memorandum, supplemental jurisdiction is appropriate if "the claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. See Memorandum in Support of its Motion to Dismiss at p. 1-2. "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" Myers v. Richland County, 429 F.3d 740, 746 (8th Cir. 2005).

The Individual Defendants' claims under the FLSA involve LAI's failure to pay the Individual Defendants their promised and statutorily-guaranteed wages. Defendants' companion

---

[1] If the Court deems it necessary, Defendants will request leave to amend its Counterclaims to invoke the original jurisdiction of this Court to hear its claims.

state law and common law claims involve the same facts and allegations – that LAI failed to pay them the wages they were promised, and failed to pay them what the law required. The Individual Defendants' FLSA, state law, and common law claims clearly derive from a common nucleus of operative fact, and as such, this Court has jurisdiction over Defendants' state law and common law claims.

## DEFENDANTS' CLAIM FOR OVERTIME STATES A CLAIM FOR RELIEF

LAI's argument that the Individual Defendants' have failed to state a claim for overtime payments completely misunderstands the exemption requirements of the FLSA. LAI argues that since the Individual Defendants each allegedly had employment agreements and because they were paid a "salary," they were exempt from the overtime requirements of the FLSA. LAI's argument is fundamentally flawed.

As a general rule, employees are considered eligible for minimum wage and overtime payments. However, the FLSA expressly exempts certain types of employees from coverage and charges the Secretary of Labor with responsibility to define and limit the exempt categories of employees. 29 C.F.R. part 541. Except in rare circumstances, not only must the individual employees be paid a salary to be considered exempt, but they also must meet certain duties tests. See e.g. 29 C.F.R. §§541.100, 541.200 and 541.300. LAI's bald assertion that salary alone makes someone exempt flies in the face of the FLSA exemption requirements, and is clearly insufficient grounds for this court to dismiss the Individual Defendants' counterclaims.

LAI further argues that "because the defendants are salaried employees, i.e., exempt employees, and they have not alleged any facts that would convert them to nonexempt employees, their claims for unpaid overtime under the FLSA and its Illinois counterpart must fail." See Memorandum in Support of its Motion to Dismiss at 4. Here LAI misstates both

FLSA requirements and the pleading requirements in Federal Court. It is well-settled under the FLSA that the burden of proving that a certain exemption applies to an employee is on the employer who asserts the exemption. See Fife v. Harmon, 171 F.3d 1173, 1176 (8th Cir. 1999).

Furthermore, under notice pleading in the Federal Courts, a claimant certainly does not have to plead facts sufficient to defeat any possible defenses in order to state a claim upon which relief can be granted. See Schmidtke v. Conesa, 141 F.2d 634, 635 (1st Cir. 1944) (*explaining* that "a plaintiff, in order to state a cause of action under the [Fair Labor Standards] Act, is not required to allege that its exemptions are inapplicable"); see also Stratton v. Farmers Produce Co., 134 F.2d 825, 827 (8th Cir. 1943) (*stating*, "[a] complaint, seeking to recover under the wage and hour provisions of the [Fair Labor Standards] Act, is certainly not required to negative the exemptions of the statute in order to state a cause of action.") Rather, under notice pleading, a complaint must simply give the other party fair notice of what the claim is and the grounds on which it rests. See Fed. R. Civ. Pr. 8(a). Here, the Individual Defendants have done precisely as the law requires. As such, LAI's Motion to Dismiss should be denied.

## DEFENDANTS' ILLINOIS WAGE CLAIMS STATE A CLAIM FOR RELIEF UNDER RELEVANT ILLINOIS STATUTES

LAIs' assertion that Missouri law rather than Illinois law should apply to the Individual Defendants' wage claims is absurd. While Defendants do not concede that Missouri law is applicable to any of the claims in this case, Missouri law is clearly not applicable to the wage claims brought by Illinois workers. Defendants fail to see how the "most significantly related" contract analysis is relevant to what law governs the Individual Defendants' wage claims. LAI apparently fails to grasp that under the Missouri's "most significant relationship" test, more than one state's substantive law can apply to different issues in the case. In Goede v. Aerojet General

Corp., 143 S.W.3d 14 (Mo.App. 2004), the Missouri Court of Appeals, Eastern District, explained that the:

> Restatement approach to choice of law does not require that all issues in a particular case be controlled by the law of the same state. See Glasscock v. Miller, 720 S.W.2d 771 (Mo.App. S.D. 1986). Under the conflict-of-laws doctrine of depecage, different issues in a single case may be decided according to the laws of different states. This process is perfectly permissible and, according to leading commentators, quite appropriate.

Id. at 25.  See also Ewing v. St. Louis-Clayton Orthopedic Group, Inc., 790 F.2d 682 (8th Cir. 1986) (*applying* Illinois law to workers' compensation issue and Missouri law to malpractice claim).

Finally, it is well-established that states, including Illinois, possess the police power to protect workers who are employed within the four corners of the state.  The legislative purpose of the Illinois Wage Payment laws is explained in 820 ILL. COMP. STAT. 105/2.  That purpose is to establish a minimum wage and overtime standard for workers employed in the State of Illinois.  It is absurd to suggest that simply because the employer first brought a breach of contract claim in one state, that the employees cannot bring a counterclaim for wage law violations asserting a different state law.  Clearly, Illinois law is most significantly related to the wage claims of Illinois residents working, at the request of their employer, LAI, in Champaign, Illinois.  As such, the Individual Defendants have stated a claim for relief under relevant Illinois statutes.

## **CONCLUSION**

LAI has not met its heavy burden of demonstrating that "[Defendants] can prove no set of facts in support of [its] claim which would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  As such, its Motion to Dismiss should be denied.

WHEREFORE, for all of the reasons stated above, the Individual Defendants respectfully request that LAI's Motion to Dismiss Defendants' Counterclaims be denied.

    Respectfully submitted,

    THOMPSON COBURN LLP

By:   /s/ Amie E. Needham
    Richard E. Jaudes, #5770
    Amie E. Needham, #102006
    Patricia J. Martin, #518160
    One US Bank Plaza
    St. Louis, Missouri 63101
    Telephone 314-552-6000
    Facsimile 314-552-7000
    rjaudes@thompsoncoburn.com
    aneedham@thompsoncoburn.com
    pmartin@thomsponcoburn.com

    Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served this 14th day of March, 2006, upon Plaintiff's counsel of record, Martin M. Green and Fernando Bermudez, Green Schaaf & Jacobson, P.C., 7733 Forsyth Boulevard, Suite 700, Clayton, MO  63105, by operation of the Court's electronic filing system.

    /s/ Amie E. Needham
    Amie E. Needham # 102006
    Attorney for Defendants
    One US Bank Plaza
    St. Louis, Missouri 63101
    Telephone 314-552-6000
    Facsimile 314-552-7000
    aneedham@thompsoncoburn.com