UNITED STATES OF AMERICA
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE & ASSOCIATES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:05CV2306-SNL |
| | ) |
| AMDOCS CHAMPAIGN, INC., | ) |
| SOMASEKHARAN SKEEKUMAR, | ) |
| ANIL ANTHONY, and | ) |
| PAUL MANI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is the motion of Lawrence & Associates Inc. to dismiss the individual defendants counterclaims. For the reasons discussed below, the Court grants the motion to dismiss the counterclaims for lack of jurisdiction.

This case began in November 2005 when plaintiff Lawrence & Associates Inc., a Missouri corporation with its principal place of business in St. Louis, Missouri, filed a complaint in the Circuit Court of St. Louis County, against Amdocs Champaign, Inc. (Amdocs), a Delaware corporation with its principal place of business in Champaign, Illinois, and Somasekharan Sreekumar, Anil Antony, and Paul Mani (hereinafter individual defendants). Lawrence & Associates alleged that the individual defendants are residents of Illinois.

Lawrence & Associates provides computer consulting services; it recruits and hires computer experts from India. Lawrence & Associates employed the individual defendants from October 2001 to November 2004 and claimed that, as part of their employment agreements, each individual defendant signed a non-compete agreement that provided he would not work for clients

of Lawrence & Associates for four years following termination of his employment with Lawrence & Associates.  Lawrence & Associates spent considerable time and money training its employees and providing immigration services.  The individual defendants have H-1 visas which required them to work for Lawrence & Associates for three years.

In April 2001 Lawrence & Associates signed a consulting agreement with Amdocs to provide Amdocs with computer consulting services for one year.   Lawrence & Associates and Amdocs also signed an addendum to the agreement that barred Amdocs from hiring any employee of Lawrence & Associates during the term of the agreement or for a period of one year after the completion or termination of the agreement.   In 2002 Lawrence & Associates and Amdocs signed another consulting agreement that provided that it would remain "active in perpetuity" until "affirmatively terminated."  Lawrence & Associates alleged that the agreement has not been terminated and thus remains in effect.  Lawrence & Associates and Amdocs also renewed the no hiring addendum.  Lawrence & Associates claimed that in November 2004 Amdocs breached the addendum by hiring the individual defendants and that they breached their non-compete agreements by working for Amdocs.

Lawrence & Associates sued Amdocs for breach of contract (counts I and II) and tortious interference with business expectancy (count III), sued the individual defendants for breach of contract (count IV), and sought $1.2 million in damages, as well as pre- and post-judgment interest, costs, attorney's fees, and any other additional relief.

In December 2005 Amdocs removed the case to federal court pursuant to 28 U.S.C. § 1441, asserting subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

Amdocs and the individual defendants admitted that the individual defendants were

employed by Lawrence & Associates and that Sreekumar and Antony signed non-compete agreements. Defendants denied that Mani is a resident of Illinois or that he signed a non-compete agreement with Lawrence & Associates. Defendants asserted various affirmative defenses, and the individual defendants asserted counterclaims for breach of contract (count I), for final wages and vacation pay (count II) in violation of federal and Illinois law, for overtime pay (count III) in violation of federal (Fair Labor Standards Act (FLSA), 29 U.S.C. § 207) and Illinois law, and for impermissible deduction from final pay (count IV) in violation of Illinois law. They sought damages, pre- and post-judgment interest, penalties, costs, attorney's fees, and additional relief. They alleged the court has jurisdiction over the counterclaims because they arose out of the same transaction or occurrence as the original action.

Lawrence & Associates filed a Rule 12 motion to dismiss the counterclaims of the individual defendants for lack of jurisdiction. Lawrence & Associates argues the counterclaims do not derive from a common nucleus of operative fact and are not so related to the original action that they form part of the same case or controversy and thus there is no supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Lawrence & Associates also argues that the individual defendants fail to state a claim upon which relief can be granted because they are salaried employees not entitled to overtime pay under the FLSA and that the applicable state law is that of Missouri, not Illinois.

In opposition to the motion to dismiss, the individual defendants argue that the court has supplemental jurisdiction because the same nucleus of operative facts underlies both Lawrence & Associates' affirmative defenses and their counterclaims. The individual defendants also argue that the district court has jurisdiction over the counterclaims because they arise under a federal statute, the Fair Labor Standards Act. However, the individual defendants asserted only

supplemental jurisdiction as a basis for jurisdiction and now seek leave to amend their counterclaims to assert federal question jurisdiction. Memorandum in Opposition (document 16), at 3 n.1. On the merits, they argue that salaried employees are not necessarily exempt from overtime pay and that the burden of proving exempt status is on the employer. They also argue that, under choice of law analysis, they are Illinois workers and protected by Illinois law.

In reply, Lawrence & Associates argues that the counterclaims and the affirmative defenses do not have a common nucleus of operative facts and thus there is no supplemental jurisdiction. Lawrence & Associates also argues that the factual relationship, if any, between the counterclaims and the affirmative defenses is insufficient for purposes of supplemental jurisdiction.

Finally, Lawrence & Associates renews its argument that the counterclaims are defective because the individual defendants did not assert federal question jurisdiction and thus failed to properly invoke the court's subject matter jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).

First, the individual defendants assert that the court has ancillary jurisdiction because the counterclaims arise out of the same transaction or occurrence as the original action. Title 28 U.S.C. § 1367 "combines the doctrines of pendent and ancillary jurisdiction under a common heading" of supplemental jurisdiction. Myers v. Richland County, 429 F.3d 740, 746 (8th Cir. 2005) (Myers), citing City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997) (City of Chicago). "It provides in part that 'in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" Myers, 429 F.3d at 746, citing 18 U.S.C. § 1367(a). "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" Myers, 429 F.3d at

746, citing City of Chicago, 522 U.S. at 165.  This is the familiar test from United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

The court does not think that the individual defendants' counterclaims are so related to Lawrence & Associates' claims against Amdocs for breach of contract and tortious interference with business expectancy that they form part of the same case or controversy.  Nor do the counterclaims derive from a common nucleus of operative facts as Lawrence & Associates' claims against the individiual defendants.  Lawrence & Associates' claims against Amdocs involve the consulting agreements and addenda; its claims against the individual defendants involve the non-compete agreements and their employment agreements.  (Individual defendant Mani denies signing a non-compete agreement.)  The counterclaims involve the same parties but different operative facts and different legal issues.  For example, whether the individual defendants were entitled to overtime pay under the FLSA will require examination of their status as salaried but exempt employees.  See, e.g., Fife v. Harmon, 171 F.3d 1173 (8th Cir. 1999) (factual questions whether airfield operation specialists were executive or administrative employees exempt from FLSA overtime).

The individual defendants argue that the counterclaims and the potential affirmative defenses  share a common nucleus of operative facts.  This is irrelevant for purposes of supplemental jurisdiction.  The issue is whether the counterclaims and the claims, not the potential affirmative defenses to those claims, are so related as to form the same case or controversy.  See Ruhnke v. Pipe Fitters' Welfare Fund, Local 597, 2005 WL 1869740, at 7 (N.D. Ill. Aug. 4, 2005)) (court did not rely on affirmative defense of release in determining whether legal malpractice and breach of fiduciary claims were so related to ERISA denial of benefits claim as to form same case or controversy).

The court further notes that, with respect to the state law counterclaims, the parties do not agree whether the applicable state law is that of Missouri or Illinois. It is possible that the law of either state could be applied to resolve different issues in the same case. See, e.g., Ewing v. St. Louis-Clayton Orthopedic Group, Inc., 790 F.2d 682, 686 (8th Cir. 1986) (depecage or deciding whether to apply the rules of different states to determine different issues in a single case); Clements v. Emery Worldwide Airlines, Inc., 44 F. Supp. 2d 1141, 1145 (D. Kan. 1999). The individual defendants argue that they are Illinois workers and Illinois law should apply to their counterclaims for final wages, vacation pay, and pay for training. However, Lawrence & Associates argues that Missouri law should apply because it is a Missouri corporation with its principal place of business in Missouri and the employment contracts (and non-compete agreements) were negotiated, signed, and performed in Missouri.

The court also concludes that the individual defendants failed to show that the court has original jurisdiction over the subject matter of the complaint, in violation of Fed. R. Civ. P. 8(a)(1). The counterclaims do refer to the FLSA, a federal statute, but do not "affirmatively and distinctly," as required by the Rule, assert federal question jurisdiction. The counterclaims alleged only ancillary jurisdiction, which the court reads to refer to supplemental jurisdiction. It appears inappropriate at this late date to grant any party leave to amend their pleadings. The court concludes therefore that there is no supplemental jurisdiction and the counterclaims should be dismissed for lack of jurisdiction.

Dated this 31st day of January, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE